# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 16-00044-KD-N |
| | ) |
| CHRISTOPHER LEE SINGLETON, | ) |
| a/k/a JOSES BARRETT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Christopher Lee Singleton's "request that the Court issue an order to time served, because the sentence imposed was to be served concurrently with the State" (doc. 165). Upon consideration and for the reasons set forth herein, the motion is DENIED, or in the alternative, DISMISSED for lack of jurisdiction.

On March 10, 2016, Singleton was arrested by Alabama law enforcement officers in Dallas County, Alabama for the conduct underlying his federal offense. He was brought into federal custody on March 22, 2016, upon execution of a writ of habeas corpus ad prosequendum and arrest warrant. Singleton and four co-defendants were indicted in a seven-count indictment for marijuana trafficking offenses and possession of a firearm by a prohibited person (doc. 14). Singleton pleaded guilty to Count 1, conspiracy to distribute marijuana. On November 10, 2016, he was sentenced to a term of 33 months[1] (doc. 148). The remaining counts against him, including possession of a firearm, were dismissed (Id.).

Singleton returned to state custody and was sentenced February 3, 2017, to a term of 180 months "to be served concurrently with the federal sentence" (doc. 165, p. 4 (State of Alabama Felony Sentencing Order)). The sentence was a "split sentence" whereby he would serve 36 months

---

[1] Singleton incorrectly states that he was sentenced to a term of 36 months.

with the Alabama Department of Corrections beginning "immediately" and that "[f]ollowing incarceration, the unserved portion of the sentence shall be suspended . . ." (Id., p. 5).[2] Two years later, on February 12, 2019, Singleton was placed in the custody of the Federal Bureau of Prisons (BOP) to begin serving his federal sentence. His estimated release date is July 5, 2021.

In May 2019, Singleton filed this request for a time served sentence. He argues that his federal sentence was to be served concurrent with his state sentence and because he has served his state sentence, his federal sentence has been served. He moves the Court to "issue an order to time served" (doc. 165).

However, review of the judgment shows that Singleton's federal sentence was **not** imposed to serve concurrent with his state sentence (doc. 148). Instead, the judgment states as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 33 months as to count 1.

(Doc. 148, p. 2).

Under federal law, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently" 18 U.S.C. § 3584(a). Singleton was sentenced in federal court on November 10, 2016 and sentenced in state court on February 3, 2017. Thus, his sentences were "imposed at different times" and this Court <u>did not order "that the terms are to run concurrently</u>." Id.

To the extent Singleton's request could be construed[3] as a motion to modify his sentence to time served or to modify his sentence to serve concurrent with the state court sentence, his motion is

---

[2] According to the Order, the Court Clerk would certify the amount of jail credit (doc. 165, p. 4).

[3] "Nevertheless, we liberally construe the motion to determine whether it is cognizable under any 'remedial statutory framework.'" United States v. Roberson, 746 Fed. Appx. 883, 885 (11th Cir. 2018) (quoting <u>United States v. Jordan</u>, 915 F.2d 622, 624 (11th Cir. 1990)).

2

DENIED. The district courts have limited authority to modify a sentence after it has been imposed and may do so only in certain procedural postures, none of which are now before the Court. See 18 U.S.C. § 3582(c); Fed. R. Crim. P. 36; United States v. Brennan, 766 Fed. Appx. 911, 913 (11th Cir. 2019) ("We have recognized § 3582(c) imposes a jurisdictional limitation on a district court's ability to modify a sentence, noting a district court has 'no inherent authority' to modify a sentence that has already been imposed. [ ] Accordingly, a district court lacks jurisdiction to modify a sentence unless § 3582(c)(1) or (c)(2), another statute, or Rule 35 expressly permits a sentence modification.") (quoting United States v. Phillips, 597 F.3d 1190, 1194–96 (11th Cir. 2010).

Alternatively, the Court may construe Singleton's request as a petition pursuant to 28 U.S.C. § 2241 because a "claim for credit for time served is cognizable under 28 U.S.C. § 2241 as a challenge to the execution of a sentence." United States v. Roberson, 746 Fed. Appx. 883, 885 (11th Cir. 2018) (citing Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005); United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000)).

Two issues preclude the Court's consideration. First, the Attorney General acting through the BOP, not the district courts, has the authority to calculate and award credit for time spent in custody or to make a nunc pro tunc retroactive designation of the location where a sentence may be served. United States v. Chavez, 712 Fed. Appx. 963, 969 (11th Cir. 2017); 18 U.S.C. § 3585(b); 18 U.S.C. § 3621(a)-(b). However, Singleton has not provided the Court with any evidence that he has initially presented his request to the BOP and exhausted the administrative remedies available therein, before seeking relief from this Court. United States v. Chavez, 712 Fed. Appx. at 969 ("granting of credit for time served is in the first instance an administrative, not a judicial function. … The district court, therefore, cannot circumvent the Attorney General's initial discretion

concerning whether to credit a defendant's time in custody prior to sentencing.") (citations omitted).

Second, a § 2241 petition must be filed in the district where Singleton is incarcerated. See Rumsfield v. Padilla, 542 U.S. 426, 443-444 (2004); 28 U.S.C. § 2241(a). According to the BOP website, Singleton is now incarcerated in Anthony, New Mexico, which is not in the Southern District of Alabama. Thus, Singleton's request, construed as a § 2241 petition, is DISMISSED for lack of jurisdiction.

The Clerk is directed to mail a copy of this order to Defendant Singleton at

FCI La Tuna
Federal Correctional Institution
P. O. Box 3000
Anthony, New Mexico 88021


**DONE** and **ORDERED** this the 17th day of July 2019.

                                            **/s / Kristi K. DuBose**
                                            **KRISTI K. DuBOSE**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**